

'08 CIV 9879

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RONALD KONOVE, individually and as ) Civil Action No.:
Administrator of the Estate of Jonathan Konove, )
On behalf of the Estate of Jonathan Konove and )
His Heirs-At-Law, )
　　　　　　　　　　　　　　　　　　　　　　)   COMPLAINT
　　　　　　　　　　Plaintiff　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)   Plaintiff Demands
v.　　　　　　　　　　　　　　　　　　　　　)   a Trial by Jury
　　　　　　　　　　　　　　　　　　　　　　)
FORD MOTOR COMPANY, INC., 　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　Defendant　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　　　)

---

Plaintiff Ronald Konove, by his attorneys Kreindler & Kreindler, complaining of the Defendant alleges as follows:

## JURISDICTION AND VENUE

1. This action seeks damages on behalf of the plaintiff and the heirs and next-of-kin of Jonathan Konove and the Estate of Jonathon Konove for wrongful death and survival damages resulting from the crash of a Ford F250 Super Cab XLT pickup truck on November 26, 2006

2. Jurisdiction exists over this matter pursuant to 28 U.S.C. §1332, Diversity of Citizenship in that: (a) the plaintiff Ronald Konove is a citizen of the State of New York; (b) the defendant Ford Motor Company is a citizen of the State of Delaware; and (c) the matter in controversy exceeds seventy-five thousand ($75,000) dollars exclusive of interest and costs.

3. Personal jurisdiction over defendant Ford Motor Company (Ford) exists by virtue of its physical presence in New York, where it regularly conducts or solicits business

and derives substantial revenue from goods sold, used or consumed here.

4. Venue in the Southern District of New York is proper because the plaintiff resides in this District, and the defendant does business and maintains a physical corporate address in this District at 1 Rockefeller Plaza, New York, New York.

## GENERAL ALLEGATIONS

5. Ford is in the business of designing, manufacturing, selling, distributing, marketing, and servicing motor vehicles, including the Model Year 2005 F250 Super Cab XLT truck.

6. Ford operates dealerships throughout the state of New York and the Commonwealth of Massachusetts, through which Ford brand automobiles are sold and distributed.

7. Ford designed, manufactured, sold, marketed, and distributed a Model Year 2005 F250 Super Cab XLT truck bearing Vehicle Identification Number (VIN) 1FTSX221535EC25680 (the "subject vehicle").

8. The subject vehicle was manufactured, sold, distributed, and/or marketed by or through Ford and eventually purchased by the decedent Jon Konove from Lamoureux Ford, Inc., East Brookfield, Commonwealth of Massachusetts, on or about August 25, 2005.

9. In marketing, distributing, and selling the subject vehicle, Ford warranted that it was of merchantable quality and reasonably fit and suitable for its general purposes and its intended and ordinary uses.

10. On or about November 26, 2006, Jon Konove was operating the subject vehicle in a reasonable and foreseeable manner.

11. On or about November 26, 2006, Jon Konove was operating the subject

vehicle in a manner consistent with its intended purpose and use.

12. On or about November 26, 2006, Jon Konove was operating the subject vehicle with his seatbelt and shoulder harness properly fastened.

13. On or about November 26, 2006, Jon Konove was operating the subject vehicle on Route 20 in Brimfield, Massachusetts, at a reasonable rate of speed.

14. On or about November 26, 2006, Jon Konove was operating the subject vehicle when it left the roadway, went into an embankment, and rolled-over onto its roof.

15. During the described accident sequence, and as a result of the roll-over, the driver's side of the roof of the subject vehicle collapsed and intruded into the driver's side of the occupant compartment.

16. The roof collapse and intrusion into the occupant compartment crushed downward onto Jon Konove's head, which in turn caused Jon Konove to suffer positional asphyxia and acute respiratory distress, and prevented him from breathing.

17. On or about November 26, 2006, at age 29, Jon Konove died of acute respiratory distress due to positional asphyxiation.

18. During the accident sequence, the subject vehicle's roof and structure did not function as intended and was structurally unsound and dangerously defective in both design and utility, and, instead of providing protection to the driver in a reasonably foreseeable and survivable roll-over, the roof collapsed and intruded into the driver compartment and inflicted severe injury to Jon Konove, which resulted in his death.

19. During the accident sequence the passenger side of the occupant compartment maintained it structural integrity and the passenger in the subject vehicle was uninjured and walked away from the accident.

20. The subject vehicle's roof was defective when the subject vehicle was sold and delivered, and it remained so at the time of its sale to Jon Konove until the time of the subject accident.

21. At the time of the subject accident, the subject vehicle was in substantially the same condition as it was when originally sold and delivered.

22. The subject vehicle's defective condition presented a danger to its foreseeable users and consumers, including Jon Konove, during ordinary and foreseeable use of the vehicle.

23. The subject vehicle was unreasonably dangerous and not reasonably fit for its ordinary and intended purpose.

24. Defendant Ford was aware of the dangerously defective condition of the roof structure and the defective design and of the subject vehicle at the time of its initial sale in the United States; Ford possessed specific knowledge of the risk and propensity of the subject vehicle roof to crush under circumstances similar to those of this incident.

25. The injuries, death and damages sustained by Jon Konove as a result of the defective roof, were caused by and were the direct and proximate result of Ford's breaches of warranty, negligence and/or other wrongful conduct by and through its agents, servants, workmen and employees, in any or all of the following respects:

    a. in failing to properly design, manufacture, assemble, inspect and test the subject vehicle and its roof;

    b. in selling and distributing the subject vehicle in a dangerously defective condition;

    c. in selling and distributing the subject vehicle with a roof that

was not reasonably fit and suitable for its ordinary and intended purpose;

d. in failing to warn purchasers and users of the subject vehicle's defective condition, and of the dangerous propensity of the roof to crush and intrude into the occupant compartment during foreseeable and survivable accident sequences, during and after sale and delivery of the vehicle;

e. in failing to properly inspect and test the subject vehicle and its roof;

f. in marketing and selling the subject vehicle with a defective roof when it knew or should have known of its inherent design, engineering and operational defects;

g. in failing to properly and fully investigate prior incidents involving failure of the roof in the F250 Super Cab truck and other models with similar design, engineering and operational deficiencies;

h. in failing to correct known design, engineering and operational deficiencies in the roof in the subject vehicle; and

i. in failing to initiate a product recall of the subject vehicle;

26. As a result of the foregoing, Jonathon Konove suffered severe physical and mental pain, suffering, anguish and distress and the fear and knowledge of his impending doom, and death.

## A FIRST CAUSE OF ACTION FOR WRONGFUL
## DEATH AND SURVIVAL DAMAGES BASED ON NEGLIGENCE

27.  The Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

28.  As a direct and proximate result of the negligence and wrongful conduct of the Defendant in the design, testing, fabrication, manufacture of the subject vehicle, as described above, Jon Konove sustained serious personal injuries and suffered conscious pain and mental anguish, which culminated in his death.

29.  As a consequence of the events set forth in this Complaint, and as a direct and proximate result of the defendant's wrongful conduct, Jon Konove was caused to sustain great conscious pain and suffering and mental anguish prior to his death, which injuries are compensable under Massachusetts General Laws, c.229, § 6, or other applicable laws.

30.  As a result of the foregoing, the Plaintiff is entitled to recover all allowable elements of damages from the defendant, in an amount that is just and appropriate to compensate fully for the wrongful death of Jon Konove as provided for in Massachusetts General Laws c. 229, § 2 or other applicable laws.

31.  As a result of the foregoing, the Plaintiff is entitled to recover damages from the defendant in an amount that is just and appropriate to compensate fully for the serious injuries and conscious pain and mental anguish suffered by Jon Konove, and the wrongful death of Jon Konove, plus interest and costs.

## A SECOND CAUSE OF ACTION FOR WRONGFUL DEATH
## AND SURVIVAL DAMAGES BASED ON STRICT PRODUCT LIABILITY

32.  The Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

33.  As a direct and proximate result of the defective design and failure to warn as described above, Jon Konove sustained serious personal injuries and suffered conscious pain and mental anguish, which culminated in his death.

34.  As a consequence of the events set forth in this Complaint, and as a direct and proximate result of the defendant's wrongful conduct, Jon Konove was caused to sustain great conscious pain and suffering and mental anguish prior to his death, which injuries are compensable under Massachusetts General Laws, c. 229, § 6, or other applicable laws.

35.  As a result of the foregoing, the Plaintiff is entitled to recover all allowable elements of damages from the defendant, in an amount that is just and appropriate to compensate fully for the wrongful death of Jon Konove as provided for in Massachusetts General Laws c. 229, § 2 or other applicable laws.

36.  As a result of the foregoing, the Plaintiff is entitled to recover damages from the defendant in an amount that is just and appropriate to compensate fully for the serious injuries and conscious pain and mental anguish suffered by Jon Konove, and the wrongful death of Jon Konove, plus interest and costs.

## A THIRD CAUSE OF ACTION FOR WRONGFUL DEATH AND SURVIVAL DAMAGES BASED ON BREACH OF WARRANTY

37.  The Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

38.  The subject vehicle was not of merchantable quality, was not fit for its intended use, and was not fit for the purpose for which is was manufactured. As a direct and proximate result of the breach of express and implied warranties as described above, Jon Konove sustained serious personal injuries and suffered conscious pain and mental anguish,

which culminated in his death.

39. As a consequence of the events set forth in this Complaint, and as a direct and proximate result of the defendant's wrongful conduct, Jon Konove was caused to sustain great conscious pain and suffering and mental anguish prior to his death, which injuries are compensable under Massachusetts General Laws, c. 229, § 6, or other applicable laws.

40. As a result of the foregoing, the Plaintiff is entitled to recover all allowable elements of damages from the defendant, in an amount that is just and appropriate to compensate fully for the wrongful death of Jon Konove as provided for in Massachusetts General Laws c. 229, § 2 or other applicable laws.

41. As a result of the foregoing, the Plaintiff is entitled to recover damages from the defendant in an amount that is just and appropriate to compensate fully for the serious injuries and conscious pain and mental anguish suffered by Jon Konove, and the wrongful death of Jon Konove, plus interest and costs.

### A FOURTH CAUSE OF ACTION FOR PUNITIVE DAMAGES BASED ON GROSS NEGLIGENCE, RECKLESSNESS AND WILLFUL AND WANTON CONDUCT

42. Plaintiff incorporates by reference all of the allegations contained in the foregoing paragraphs as if they were fully restated herein.

43. Defendant Ford specifically knew, at the time that the subject vehicle was manufactured, marketed and sold to decedent Jon Konove, that:

    a. The Ford F-250 has a propensity to roll over during certain accident sequences because of its high center of gravity;

    b. Roof intrusion into the occupant compartment is a significant risk in otherwise survivable vehicle rollover accidents;

    c.    Prior to the date of manufacture of the subject vehicle there were numerous deaths and serious injuries resulting from roof crush incidents involving the Ford F-250 pickup truck in otherwise survivable accidents;

    d.    The Ford F-250 pickup truck is susceptible to roof crush and resulting injury because it has a weak roof structure;

    e.    Roof crush into the occupant compartment causes spinal injury, asphyxia and often death.

44.    Ford failed to properly or adequately test the ability of the roof of the F-250 pickup truck to withstand roof collapse.

45.    The Ford F-250 pickup truck fails to meet Fords own internal requirements for withstanding roof collapse.

46.    Other vehicles manufactured by Defendant Ford and its associated automobile manufacturing units have much stronger roof and roof support structures that are capable of withstanding more significant impact force without being compromised and crushing down into the occupant compartment.

47.    Despite its knowledge of the specific risk of roof crush injury and death in the subject vehicle, Defendant Ford failed to reinforce or otherwise improve the structural integrity of the roof and roof supports to avoid roof crush injury and death.

48.    The acts and/or omissions of the defendant, as stated above, including defendant's negligence, breach of warranties and wrongful conduct, constitute gross negligence, recklessness, and willful and wanton conduct within the meaning of Massachusetts General Laws c. 229, § 2, and other applicable laws.

49. Said acts and/or omissions were the direct and proximate cause of Jon Konove's untimely death and warrant the imposition by a jury of punitive damages.

WHEREFORE, the Plaintiff demands judgment against Defendant Ford for compensatory damages on the First, Second and Third Causes of Action, and for punitive damages on the Fourth Cause of Action, together with interest and costs, and such other relief as the Court deems appropriate.

Dated: November 13, 2008

Respectfully Submitted,

KREINDLER & KREINDLER LLP

By: _____

Noah Kushlefsky, Esq (NK6272)
100 Park Avenue
New York, New York 10017
(212) 687-8181
(212) 972-9432 Facsimile
nkushlefsky@kreindler.com

-and-

Anthony Tarricone, Esq.
Kreindler & Kreindler LLP
277 Dartmouth Street
Boston, MA 02116-2805